**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VICTOR BERNARD PERKINS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-491-RGA |
| PROCTOR AND GAMBLE COMPANY, et al., | : |
| Defendants. | : |

Victor Bernard Perkins, FMC Rochester, Rochester, Minnesota, Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 15, 2019
Wilmington, Delaware

ANDREWS, U.S. District Judge:

## INTRODUCTION

Plaintiff Victor Bernard Perkins, an inmate at FMC Rochester in Rochester, Minnesota, filed this action pursuant to the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051 to § 2083. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 7). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that he suffered physical injuries from the "use of dangerous and harmful pharmaceutical products" of Defendants Proctor and Gamble Company and AstraZeneca Manufacturing Co. (D.I. 1 at 2). Plaintiff alleges that he suffered two massive heart attacks using the Prilosec proton pump inhibitor. (*Id.* at 3). Plaintiff alleges that several years ago the Food and Drug Administration found the product to be the leading cause of heart attacks, heart failure, strokes, kidney failure, diabetes, and severe diarrhea and paralysis in thousands of people of color. (*Id.*). Plaintiff also refers to Defendants' Protonix products. (*Id.* at 4).

Plaintiff raises his claims under the CPSA. (*Id.* at 1). He also seems to attempt to raise a products liability claim and a claim for violations of his constitutional rights. (*Id.* at 1, 6). Plaintiff seeks ten million dollars in compensatory damages as well as punitive damages. (*Id.*).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to

1

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable

2

to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions are therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Consumer Products Safety Act.** Plaintiff asserts that Defendants violated the CSPA. The Act, 15 U.S.C. § 2053, *et seq.* imposes on manufacturers, distributors and retailers of consumer products a duty to inform the Consumer Products Liability Commission ("Commission") of any product that "creates an unreasonable risk of serious injury or death." 15 U.S.C. § 2064(b)(3). While the CPSA authorizes private

3

civil suits for damages, the private right of action is limited to knowing or willful "violation[s] of a consumer product safety rule, or any other rule or order issued by the Commission." 15 U.S.C. § 2072(a). Accordingly, the plain language of the statute restricts the private right of action to violations of Commission rules or orders. *See Cook v. Purdue Pharma*, 2008 WL 1957858, at * 3 (E.D. Va. May 2, 2008). There are no allegations to suggest that Plaintiff sues Defendants on the basis of their knowing or willful violation of a Commission rule or order. In addition, a manufacturer, distributor or retailer's failure to disclose product defects as required by 15 U.S.C. § 2064 does not give rise to a private cause of action under 15 U.S.C. § 2072 to any person who alleges that he was injured by reason of such failure to report. *See Morris v. Coleco Indus.*, 587 F. Supp. 8, 9 (E.D. Va. 1984).

Accordingly, Plaintiff fails to state a claim under the CPSA and, to the extent that was his intent, the claim will be dismissed. The CPSA claims lack an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**Products Liability**. Plaintiff also seems to attempt to raise a products liability claim. The claims are time-barred under Delaware law since Delaware's two-year statute of limitations, 10 Del. C. § 8119, applies to products liability claims. *See Brown v. E.I. duPont de Nemours & Co.*, 820 A.2d 362 (Del. 2003). The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face

4

of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff alleges that suffered two heart attacks in 2015 after he used the Prilosec proton pump inhibitor. Plaintiff filed his complaint on March 6, 2019. Hence, it is evident from the face of the Complaint that the product liability claims, to the extent he attempts to raise them, are barred by the two year limitations period.

Because Plaintiff's allegations are time-barred the Court will dismiss them pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Constitutional Claims**. Plaintiff also alleges violations of his right to due process under the Fifth and Fourteenth Amendments. To state a cause of action under 42 U.S.C. § 1983 – the statutory provision that provides for civil actions when alleging a violation of constitutional rights - a plaintiff must allege facts sufficient to indicate that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988).

To qualify as "state action," the challenged conduct "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and the "party charged with [such conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). In addition, for private parties, like Defendants, to be held liable under § 1983, a plaintiff must allege facts sufficient to

5

show that the private party engaged in a conspiracy with state actors to deprive him of his constitutional rights. *See Dennis v. Sparks*, 449 U.S. 24 (1980); *Adickess v. Kress & Co.*, 398 U.S. 144, 152 (1970).

The Complaint does not meet the pleading requisites to state a claim under § 1983. There are no allegations that Defendants are state actors or that they engaged in a conspiracy with state actors to deprive him of rights protected by the Constitution. The claim fails and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**Motion for Reconsideration**. On May 3, 2019, the Court denied Plaintiff's motion for default. (*See* D.I. 9) Plaintiff moves for reconsideration on the grounds that he properly served Defendants. (D.I. 10).

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court has reviewed the filings and its Order that denied Plaintiff's motion for default. In doing so, the Court finds that Plaintiff has failed to demonstrate any of the grounds necessary to warrant a reconsideration of the Court's May 3, 2019 Order. Moreover, as discussed above, Plaintiff has failed to allege any cognizable claims. Therefore, the motion for reconsideration will be denied. (D.I. 10).

## CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for reconsideration (D.I. 10); and (2) dismiss the Complaint as legally frivolous and for failure to state claims upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court finds amendment futile for the CPSA claim. For the product liability and constitutional claims, while it seems unlikely Plaintiff can amend his complaint to state a claim, I will give him the opportunity to do so.

An appropriate Order will be entered.