# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VICTOR BERNARD PERKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 19-491-RGA |
| | : |
| PROCTOR AND GAMBLE COMPANY, et al., | : |
| | : |
| Defendants. | : |

Victor Bernard Perkins, FMC Rochester, Rochester, Minnesota, Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 12, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Victor B. Perkins, an inmate at FMC Rochester in Rochester, Minnesota, filed this action pursuant to the Consumer Product Safety Act ("CPSA"), 15 U.S.C. § 2051 to § 2083. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 7). The Court proceeds to review and screen the Amended Complaint (D.I. 25) pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

On October 15, 2019, I screened the case as required under 28 U.S.C. § 1915(e)(2)(B). The Complaint was dismissed as legally frivolous and for failure to state claims upon which relief may be granted. (D.I. 13, 14). Plaintiff was given leave to amend product liability and constitutional claims, but not the CPSA claims based upon futility of amendment. (*Id*.). Plaintiff appealed. (D.I. 15). On June 8, 2020, the appeal was dismissed for lack of appellate jurisdiction. (D.I. 21).

Plaintiff filed a combined Amended Complaint and Motion for Summary Judgment on August 6, 2020. (D.I. 25). On October 13, 2020, Plaintiff filed a motion for summary judgment by default. (D.I. 27). The Amended Complaint alleges neglect for "injuries suffered as a result of product liability," and that Plaintiff suffered two massive hearts attacks from the use of a Prilosec proton pump inhibiter that was sold in 2015. (D.I. 25 at 1). Plaintiff alleges that he has submitted a meritorious claim. (*Id*. at 2). He seeks $5 million in compensatory damages. (*Id*. at 3).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to

1

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d at 374.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

Plaintiff proceeds *pro se* and, therefore, his pleadings are liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting

2

the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Amended Complaint is deficiently pled and will be dismissed. The Amended Complaint attempts to raise a products liability claim. Plaintiff alleges that he suffered two heart attacks in 2015 after he used the Prilosec proton pump inhibitor. Plaintiff filed his complaint on March 6, 2019.

The claims are time-barred under Delaware law since Delaware's two-year statute of limitations, 10 Del. C. § 8119, applies to products liability claims. *See Brown v. E.I. du Pont de Nemours & Co.*, 820 A.2d 362 (Del. 2003). The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii). It is evident from the face of the Complaint that the product liability claims are barred by the two year limitations period.

In addition, the Amended Complaint is deficiently pled. The Amended Complaint does not identify the manufacturer or seller of the alleged defective product, how the product was defective, where the product was purchased or used or where Plaintiff suffered his heart attacks. In addition, the Amended Complaint fails to allege any of the

elements of a products liability action under Minnesota law,[1] where Plaintiff resides, or under Delaware law,[2] where he filed this action.

Accordingly, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff was provided leave to amend, to no avail.  The Court finds further amendment futile.

## CONCLUSION

For the above reasons, the Court will:  (1) dismiss as moot Plaintiff's motions for summary judgment by default (D.I. 25, 27);[3] and (2) dismiss the Amended Complaint as barred by the statute of limitations and therefore frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.

---

[1] "Products liability is a manufacturer's tort liability for any damages or injuries suffered by a buyer, user, or bystander as a result of a defective product." *Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 581 (Minn. 2012) (cleaned up).  When negligence is the basis for liability, "a plaintiff must prove (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) that the breach of the duty of care was a proximate cause of the injury." *Domagala v. Rolland*, 805 N.W.2d 14, 22 (Minn. 2011).

[2] Delaware law generally require a plaintiff, at a minimum, to plead facts that will identify the allegedly defective product and the manufacturer of that product, in addition to the other basic elements of the specific claims alleged in the complaint. *In re Benzene Litigation*, 2007 WL 625054, at *6 (Del. Super. Feb. 26, 2007). "When the facts giving rise to the complaint do not themselves suggest the nature of the product defect, it is also incumbent upon the plaintiff to plead 'the nature of the defect, the specific cause of the defect, the duty owed by [the] defendant to [the plaintiff], the breach of the duty by defendant and the damages resulting from the breach.'" (*Id.*).

[3] Plaintiff filed a similar motion, denied by the Court on September 16, 2020.  (*See* D.I. 23, 26).